```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**ROY REYNOLDS,**

      **Plaintiff,**

  **vs.**                               Civil Action 2:06-CV-1039
                                                 Judge Watson
                                                 Magistrate Judge King

**CITY OF COLUMBUS, OHIO,**
*et al.*,

      **Defendants.**

<u>**ORDER**</u>
<u>**AND**</u>
<u>**REPORT AND RECOMMENDATION**</u>

        Plaintiff, who indicates in his application for leave to proceed *in forma pauperis* that he is currently incarcerated, asks to proceed without prepayment of fees or costs.  28 U.S.C. §1915(a).

        Plaintiff's application for leave to proceed *in forma pauperis* is **GRANTED.**  All judicial officers who render services in this action shall do so as if the costs had been prepaid.

        However, after performing the initial screen of the complaint required by 28 U.S.C. §§1915(e), 1915A, the Court concludes that it is without jurisdiction to proceed in this matter and that the complaint fails to state a claim upon which relief can be granted.  It is therefore **RECOMMENDED** that the complaint be dismissed.

        The complaint asserts claims of false arrest, false imprisonment and malicious prosecution arising out of plaintiff's arrest on December 10, 2005, and subsequent prosecution.  Plaintiff asserts claims under 42 U.S.C. §1983 and seeks monetary damages against the arresting officer and the City of Columbus Police Department.

        The complaint does not allege that the prosecution against him -- whether on the original charge in the Franklin County Municipal Court,

*see* Exhibit V, attached to *Complaint,* or on the indictment against plaintiff in the Franklin County Court of Common Pleas, *see* Exhibit W, attached to *Complaint* -- has been resolved in his favor.

A civil action that calls into question a state court conviction cannot proceed in federal court "unless the conviction or sentence has already been invalidated." *Heck v. Humphrey,* 512 U.S. 477, 487 (1994). *See also Callihan v. Schneider,* 178 F.3d 800, 804 (6th Cir. 1999) (applying *Heck* to civil rights action challenging a pending state criminal prosecution).

Plaintiff's claims of false arrest and malicious prosecution call into question the validity of an apparently on-going state criminal prosecution. Until plaintiff can demonstrate that the prosecution has ended in his favor, he cannot proceed on these claims in this Court.

It is therefore **RECOMMENDED** that this action be dismissed without prejudice to institution upon demonstration that the state court proceedings have terminated in plaintiff's favor.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas*

*v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


<u>February 5, 2007</u>  <u>     *s/Norah McCann King*     </u>
                            Norah McCann King
                        United States Magistrate Judge